In the matter of the appeal of J. HENRY LEONHARD, ALBERT F. LEONHARD and GEORGE L. LEONHARD, trustees under the last will and testament of Theodore Leonhard, deceased, from a decree of the orphans court allowing the surrogate of the county of Passaic the sum of $1,035.52 for auditing the second intermediate account of said trustees.

[Decided October 2d, 1919.]

A surrogate is entitled, under section 200 of the Orphans Court act (*3 Comp. Stat. p. 3887*), to one-tenth of one per cent. for auditing, stating and reporting an account of an estate over $50,000 and not exceeding $500,000.

On appeal from the Passaic county orphans court.

*Messrs. Humphreys & Sumner*, proctors of the appellants.

*Mr. Frederick W. Van Blarcom*, proctor for the respondent.

LEWIS, VICE-ORDINARY.

The following stipulation between the proctors of the appellants and the respondent sets forth the facts with sufficient particularity:

"1. By the decree of intermediate accounting made by the Passaic county orphans court March 16th, 1919, in the matter of the intermediate account of the appellants as trustees under the last will and testament of Theodore Leonhard, deceased, the surrogate was allowed $1,035.52 for auditing said account.

"2. Said allowance consisted of one-tenth of one per cent. of the sum of $1,035,515.02, which sum was made up of $50,000, the amount of principal money received during the period of nine years covered by the account, together with $985,515.02, the amount of income received during the same period.

"3. The whole principal money received during said period was $50,000.

"4. During the same period $985,515.02 was received for income.

"5. All of said income so received during said period had been distributed to the beneficiaries entitled to the same prior to the filing of the account, with the exception of the sum of $179,288.32.

"6. At the time of the filing of the account, the trustees held, besides the *corpus* of the estate, including the said sum of $50,-000 principal money received during said period, and besides the said sum of $179,288.32, consisting of income received during said period and undistributed, the additional sum of $7,654.13, the last-mentioned sum being the balance of income brought forward from the previous accounting, leaving a balance of income in the hands of the trustees at the time of filing the account of $186,942.45."

The fee allowed the surrogate, from which this appeal is made, is the fee for auditing, stating and reporting the account of executors, administrators, guardians, trustees and assigns provided for in section 200 of the Orphans Court act. *3 Comp. Stat. p. 3887.*

That section of the act provides for fees of the surrogate for auditing, stating and reporting such accounts:

"On estates  *  *  *  over $10,000 and not exceeding $50,000, thirty dollars;

"Over $50,000 and not exceeding $500,000, at the rate of one-tenth of one per centum, and where estates exceed $500,000, the court shall fix and determine the additional fees to be allowed on such excess, provided such further and additional fees may be allowed in any case as the court shall think reasonable."

It appears, therefore, that under the facts as shown in the stipulation filed, the account in question accounted for $50,000 of *corpus* and for $985,515.02 income, no part of which amounts, or either of them, had ever been accounted for in any prior accounting, and, hence, no account in respect of these two sums could have theretofore been audited by the surrogate.

The rate allowed to the surrogate for auditing the account, to wit, one-tenth of one per cent. upon the total of the two sums

above mentioned, seems clearly, therefore, to come within the limitations set forth by this court in *Heath's Case, 52 N. J. Eq. 807.*

I am unable to see, therefore, that there has been any error, and the appeal must be dismissed.